## Taylor v. Guarantee Trust & Safe Deposit Co., Assignee, Appellant.

[Marked to be reported.]

*Assigned estate—Distribution—Foreign attachment.*

An assigned estate cannot be distributed by the process of foreign attachment by a court which has no jurisdiction over the accounts of the assignee.

*Same—Wages—Lien—Acts of 1872 and 1883.*

Where one claims a lien for wages under the acts of 1872 and 1883 on a stock of goods transferred by his employer to a creditor and which passed under an assignment for benefit of creditors by the transferee and was subsequently sold by the assignee, the lien cannot be enforced by a foreign attachment against the employer (he having removed from the state) in which the assignee is made garnishee. If the lien exists, the claim must be presented to the assignee or the auditor appointed to make distribution of the assigned estate.

Argued May 12, 1892. Appeal, No. 421, Jan. T., 1892, by defendant, assignee for benefit of creditors, garnishee, from judgment of C. P. Bedford Co., Feb. T., 1889, No. 263, on verdict for plaintiff, George E. Taylor. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Foreign attachment to recover claim for wages.

On the trial before BAER, P. J., the court directed a verdict for the plaintiff.

The facts appear by the opinion of the Supreme Court.

*Error assigned*, among others, was (2) the above instruction.

*John M. Reynolds*, for appellant.

*Alexander King*, with him *John H. Jordan*, for appellee.

OPINION BY MR. CHIEF JUSTICE PAXSON, May 23, 1892:

This was a writ of foreign attachment brought by the plaintiff in the court below against Samuel W. Miller Peters, defendant, in which the Guarantee Trust and Safe Deposit Co., assignee, under deed of voluntary assignment of Robert Hare Powel's Sons & Co., for the benefit of their creditors, was made garnishee. It appears that Peters, the defendant, conducted a store at Saxton, Bedford county. The plaintiff was one of his clerks. He claimed that the defendant was indebted to him for services in

the store, and obtained judgment against him in this proceeding for $177.25. It was alleged that the defendant was largely indebted to Robert Hare Powel's Sons & Co., and that, on or about Aug. 22, 1887, he sold and delivered his entire stock of store goods to Robert Hare Powel's Sons & Co. in part payment of the indebtedness. This stock of goods subsequently passed under the said deed of voluntary assignment, and was afterwards sold by the assignee to Tobias Snyder.

The defendant having removed from the state, plaintiff, claiming that the amount due him from the defendant was for wages of labor, for which a lien is given by the acts of 1872 and 1883, sued out this writ of foreign attachment to recover the same in the hands of the assignee.

It will be noticed that Peters, the defendant, did not make an assignment for the benefit of his creditors. On the contrary, he sold his stock of store goods to Robert Hare Powel's Sons & Co. in part payment of what he owed them. We need not discuss the question, whether, under the acts of 1872 and 1883, the plaintiff had a lien upon the stock of store goods or its proceeds. It is very clear he cannot assert such lien in this proceeding. It is an attempt to distribute a portion of an assigned estate by the process of foreign attachment, and by a court which has no jurisdiction over the accounts of the assignee. To state this proposition is to answer it. If the plaintiff has a lien, under the acts of assembly referred to, upon the proceeds of the sale of the stock of goods, he can present it to the assignee, or to the auditor appointed to make distribution of the assigned estate, where it can be disposed of in an orderly manner. It cannot be recovered in this proceeding.

Judgment reversed.